IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  12-cv-01444-MSK-MJW

ERICH and SARAH TUCKER,

Plaintiff(s),

v.

JANET L. BARNES,

Defendant(s).

---

PROTECTIVE ORDER

(DOCKET NO. 16-2)

---

Entered by Magistrate Judge Michael J. Watanabe

This matter was before the court on November 1, 2012, for hearing on the Plaintiffs' Motion for Qualified Protective Order Regarding Redissemination by Defendant, and Other Use of Plaintiff's Medical and Other Confidential Information Produced in Discovery (docket no. 16).  After reviewing the subject motion (docket no. 16), the responses (docket nos. 22 and 24), and reply (docket no. 28), and after considering oral argument, this court finds that a Protective Order pursuant to Fed. R. Civ. P. 26(c) is warranted and the subject motion (docket no. 16) is GRANTED. Accordingly, this court enters the following Protective Order (docket no. 16-2).

### PROTECTIVE ORDER

The court **ORDERS:**

1. That Defendant and/or her counsel shall not disclose any information or records received from the Plaintiffs in this case to any other person or entity, except they

2

may disclose such information to their office staff, experts necessary to assist in this case, and State Farm, subject first to the terms and conditions set forth in this Protective Order.

2. Prior to any disclosure by Defendant or her counsel, each and every such person or entity shall be advised of this Protective Order, receive and review a copy of it, and sign a written acknowledgment that he, she or it is bound by the non-disclosure terms and all other provisions of this Protective Order if he, she or it chooses to receive Plaintiff's information or records.  If State Farm, a corporation employing individuals, chooses to receive any such information, it will be deemed responsible for any violation of this Order by its agents or employees who have access to such information or records.

3. All persons or entities who choose to receive such information or records from Defendant or her counsel voluntarily agree to submit themselves to the jurisdiction and powers of this court for purposes of the supervision and enforcement of this Protective until termination of this case.

4. All persons or entities who choose to receive such information or records from Defendant or her counsel agrees to use the information and records received by them solely for the purpose of this litigation or for statutory and regulatory requirements.

5. Any person or entity choosing to receive any of Plaintiff's information or records specifically agrees to protect the confidentiality of such information, and not to disclose such information, in whole or in part, to any other person or entity. Specifically, any such person or entity who chooses to receive such information from Defendant or her counsel agrees that such information will not be supplied or provided to claims or adjustment bureaus or the like, underwriters, or any other entities or persons except those specially noted above.

6. Defendant or her counsel will maintain a written record of all persons or entities to whom any redisclosure of Plaintiff's records or information was made, what information was disclosed, and the written acknowledgment of such persons agreeing to be covered by the terms of this Protective Order.

7. That upon termination of this case, unless other arrangements are agreed upon by the parties, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents.  Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.  Counsel for each party may retain one copy of CONFIDENTIAL documents received following termination of this case: (1) until the retention period for a case file of that law firm's has expired, or (2) until the retention period required by that law firm's legal malpractice insurance carrier has expired, or (3)

4

as required by the Code of Professional Responsibility or by statute which ever is longer.

8. Until termination of this case, this Protective Order may be modified by the court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

9. This court has jurisdiction over this Protective Order until termination of this case.

Done this 1st day of November 2012.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge