IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  12-cv-01444-MSK-MJW

ERICH TUCKER and
SARAH TUCKER,

Plaintiff(s),

v.

JANET L. BARNES,

Defendant(s).

---

**MINUTE ORDER**

---

**Entered by Magistrate Judge Michael J. Watanabe**

It is hereby ORDERED that Defendant's Motion for Protective Order Re: Plaintiffs' Subpoena Duces Tecum to Defendant's Expert Witness, Dr. Laura Rieffel, Ph.D. (docket no. 82) is GRANTED pursuant to Fed. R. Civ. P. 26(c)(1) and 45(b) for the following reasons. The subpoena duces tecum served upon Dr. Rieffel is QUASHED as to paragraphs 1(a), 1(b), 1(c), 2, and 3 ONLY.

It is FURTHER ORDERED that Plaintiffs' Motion for Leave to File Brief Out of Time, and Reconsideration of Magistrate's Minute Order Granting Defendant's Motion for Protective Order as Unopposed (docket no. 95) was previously GRANTED as to Leave to File Brief Out of Time. See docket no. 99.  The portion of the subject motion (docket no. 95) seeking reconsideration of this Court's Minute Order dated October 17, 2014 (docket no. 94), is DENIED for the following reasons.

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule

2

26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1).  However, "a party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party' . . . may be constrained where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Simpson v. University of Colo., 220 F.R.D. 354, 356 (D. Colo. 2004).  "The Federal Rules of Civil Procedure permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Id.  See Fed. R. Civ. P. 26(b) and (c);

Here, Plaintiffs contends that both Laura Rieffel, Ph.D., and J. Tashof Bernton, M.D., are professional defense expert witnesses who have had a substantial and long relationship with insurance companies for many years and, in particular, with State Farm, which is the Defendant's insurance carrier.  Plaintiffs further contend that both Dr. Rieffel and Dr. Bernton have a substantial financial interest flowing from their relationship with the Defendant's law firm and with State Farm which justifies a thorough and complete inquiry into her/his financial bias.  Lastly, Plaintiffs contends that they served both Dr. Rieffel and Dr. Bernton with the disputed subpoenas duces tecum in order to obtain personal financial records and documents from Dr. Rieffel and Dr. Bernton.  Such personal financial information would be used to question both Dr. Rieffel and Dr. Bernton during their depositions and at  trial in order to establish "bias, prejudice, interest, and motive" on the part of Dr. Rieffel and Dr. Bernton which is relevant on the issue of witness credibility.

Defendant retained both Dr. Rieffel and Dr. Bernton to conduct a Fed. R. Civ. P. 35  independent neuropsychological/psychological evaluation and an independent medical examination on Plaintiff Erich Tucker respectfully.  Defendant has endorsed both Dr. Rieffel and Dr. Bernton as expert witnesses for trial.  Plaintiffs have served the disputed subpoenas duces tecum upon both Dr. Rieffel and Dr. Bernton.

It is undisputed that Defendant has already provided to Plaintiffs, pursuant to Fed. R. Civ. P. 26(a)(2), Dr. Rieffel's and Dr. Bernton's testimony history, CV, and fee schedule.  Defendant asserts that she is in the process of copying Dr. Rieffel's and Dr. Bernton's complete files on Plaintiff Erich Tucker, including articles that she/he relied upon and cited in her/his expert report.  In addition, Defendant states that Plaintiffs will receive all correspondence, billings, and any other document relied upon by Dr. Rieffel and Dr. Bernton in forming her/his professional opinions.  In essence, Defendant argues that she has complied with paragraph 1(d) of the disputed subpoenas duces tecum and has agreed to supplement as required.  Defendant further argues that the disputed subpoenas duces tecum are nothing more than an attempt to harass and intimidate Dr. Rieffel and Dr. Bernton by placing improper burdens on her/his participation in this personal injury lawsuit.

Defendant objects to paragraphs 1(a), 1(b), and 1(c) in the disputed subpoena

3

duces tecum as to Dr. Rieffel.  Defendant objects to paragraphs 1(a), 1(b), and 1(c) in the disputed subpoena duces tecum as to Dr. Bernton.  Defendant also objects to paragraphs 2, 3, and 5 in the disputed subpoena duces tecum as to Dr. Bernton. Defendant argues that the disputed information in the both subpoenas duces tecum served upon Dr. Rieffel and Dr. Bernton as cited above are unduly burdensome, overbroad, and  inappropriately requests the production of various irrelevant, confidential, privileged, and protected materials.

Here, the court finds that the requested information in the both disputed subpoenas duces tecum served upon Dr. Rieffel and Dr. Bernton as outlined in paragraphs 1(a), 1(b), 1(c), 2, 3, and 5 are unduly burdensome and overly broad. Plaintiffs have been provided with Defendant's Rule 26(a)(2)(B) disclosures as cited above; responses to paragraphs1(d) and 4 in each of the disputed  subpoenas duces tecum; and written detailed affidavits from Dr. Rieffel (docket no. 82-2) and Dr. Bernton (docket no. 87-2).  Simple analysis of these affidavits by Dr. Rieffel (docket no. 82-2) and Dr. Bernton (docket no. 87-2) coupled with the other disclosures listed above provides Plaintiff with substantial information which Plaintiffs can use to effectively cross exam both Dr. Rieffel and Dr. Bernton during their depositions and at trial on the issue of financial bias.

Date: November 12, 2014